**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: <br><br> SUSAN MARIE STRAUB, <br><br> Debtor. <br>_____ <br> SUSAN MARIE STRAUB, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL CREDIT MANAGEMENT CORPORATION, <br><br> Defendant. | CASE NO. 09-05884 <br> Chapter 7 <br><br><br><br> ADVERSARY NO. 10-80030-dd |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon the Motion for Summary Judgment ("Motion") filed by Educational Credit Management Corporation ("ECMC") pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. A hearing was held on the Motion on July 20, 2010. Susan Marie Straub ("Plaintiff"), proceeding *pro se*, notified Defendant's counsel that she would not participate in discovery or appear at any hearings in this matter. Based upon the pleadings, the evidence presented and after notice was given to the parties in interest, the Court makes the following finds of fact and conclusions of law:

**FACTS**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 1334, and Local Civil Rule 83.IX.01 (D.S.C.). This is a core proceeding pursuant to 28 U.S.C. § 157.

1

2. Plaintiff filed the underlying case pursuant to chapter 7 of the Bankruptcy Code ("Chapter 7") on August 10, 2009 and received her discharge on January 8, 2010. On March 1, 2010, Plaintiff filed the Complaint in this Adversary Proceeding seeking to discharge approximately three Parent Plus Loans obtained by Plaintiff for Steve B. Scholl to attend University of Hawaii at Manoa (the "Student Loans").

3. Upon Plaintiff's filing for bankruptcy, the Student Loans were assigned to ECMC. The approximate remaining balance due on the Student Loans is $56,133.00.

4. ECMC, as the proper party in interest, timely filed an Answer on April 1, 2010.

5. ECMC served Plaintiff with its First Set of Interrogatories ("Interrogatories"), Requests for Production of Documents ("Requests for Production") and First Set of Requests for Admissions ("Admissions") (collectively referred to as "Discovery") on May 21, 2010.

6. Plaintiff failed to respond to Discovery, and by Order dated July 13, 2010, the Plaintiff was deemed to have admitted those facts and matters set forth in the Admissions due to Plaintiff's failure to respond. Accordingly, the following was admitted by Plaintiff:

    a. That Plaintiff can afford to make payments of a reasonable amount until the Student Loans are paid in full;

    b. That Plaintiff is not permanently disabled;

    c. That Plaintiff is capable of being gainfully employed;

    d. That Plaintiff has not made a consistent and good faith effort to repay the student loan obligations; and

    e. That excepting Plaintiff's loans from discharge under 11 U.S.C. § 523(a)(8) will not imposed an undue hardship on Plaintiff and any dependents of Plaintiff.

**CONCLUSIONS OF LAW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rules 9014 and 7056, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"When a party has submitted evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact." *Emmett v. Johnson*, 532 F.3d at 297, citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-88 (1986). Notably, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. at 297, citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

Congress enacted the federal student loan program to provide higher education, but not for free. *In re Heckathorn*, 199 B.R. 188, 193 (Bankr. N.D. Okla. 1996). Consequently, Congress has expressly excluded student loan debt from the general discharge provision of the Bankruptcy Code, "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Bankruptcy Code does not define what constitutes "undue hardship." In *Frushour*, the Fourth Circuit noted that

3

> [n]onetheless, the ordinary meaning of "undue" gives us clear guidance. "Undue" generally means "unwarranted" or "excessive." Because Congress selected the word "undue," the required hardship under § 523(a)(8) must be more than the usual hardship that accompanies bankruptcy. Inability to pay one's debts by itself cannot be sufficient; otherwise all bankruptcy litigants would have undue hardship.

*Frushour*, 433 F.3d 393, 399 (4th Cir. 2005); *see also United States Aid Funds, Inc. v. Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998) (mere "garden-variety" hardship is an insufficient excuse for a discharge of student loans).

In *Frushour*, the Fourth Circuit adopted the widely-used *Brunner* test as a construct for courts to apply when deciding whether debtors have met their burden of proving undue hardship. To prove undue hardship, debtors must show that

(1) they cannot maintain, based on current income and expenses, a "minimal" standard of living for themselves and their dependents if forced to repay the loans;

(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and

(3) they have made good faith efforts to repay the loans.

*Frushour*, 433 F.3d at 400 (citing *Brunner v. N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987)); *O'Neal v. The Education Resources Institute*, 390 B.R. 821, 824 (Bankr. D.S.C. 2008).

The standard of proof for a showing of undue hardship is a preponderance of the evidence, and the debtor bears the burden of proof on all three prongs. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Frushour*, 433 F.3d at 400; *O'Neal*, 390 B.R. at 824. The *Brunner* three part test is stated in the conjunctive. Thus, if any *one* of the requirements is not met, the bankruptcy court's inquiry must end and no part of the loan can be discharged. *Pa. Higher Educ.*

4

*Assistance Agency v. Faish,* 72 F.3d 298, 306 (3d Cir. 1995); *In re Ammirati*, 187 B.R. 902, 904 (D.S.C. 1995), *aff'd* 85 F.3d 615 (4th Cir. 1996) (table)-.

The *Brunner* standard was implemented to protect "the financial integrity of the student loan program by prohibiting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial sacrifices." *Frushour*, 433 F.3d at 399-400 (citing *Faish*, 72 F.3d 298, 306 (3d Cir. 1995)). Thus, "[i]t is understandable why Congress would 'exact[] a quid pro quo' for government-guaranteed loans by using the undue hardship standard. Debtors receive valuable benefits from congressionally authorized loans, but Congress in turn requires loan recipients to repay them in all but the most dire circumstances." *Id.*; *see also Brunner v. N.Y. Higher Educ. Servs.,* 46 B.R. 752, 756 (S.D.N.Y. 1985). It is against this high standard that Plaintiff fails to prove she is entitled to a discharge of her student loan debt.

**I.    Plaintiff cannot meet the first element of the *Brunner* standard.**

Under the first prong of *Brunner*, a debtor must show that if she is "required to make the monthly student loan payment, [her] standard of living will 'fall below a 'minimal' level.'" *In re Thoms,* 257 B.R. 144, 148 (Bankr. S.D.N.Y. 2001) (citing *Brunner*, 831 F.2d at 396). Plaintiff's Complaint filed in this matter alleges only that her "hardship" is financial in nature. (Pl.'s Compl. at ¶ 5.) *Brunner*'s first prong requires a debtor to show more than an austere budget or tight finances. *Garrett v. N.H.Educ. Assistance Found.*, 180 B.R. 358, 362 (Bankr. D.N.H. 1995) ("Current financial adversity, characteristic of all debtors in bankruptcy court, is not a determinative factor in establishing dischargeability.")

Plaintiff is eligible for income based or contingent repayment options through the William D. Ford Direct Loan Program, where the amount of her monthly payment would be

5

based solely on the amount of her income and could be as low as $0.00 per month. At the end the applicable repayment term, any remaining unpaid balance would be cancelled. Because this option is available, Plaintiff cannot meet her burden as to the first prong of the *Brunner* standard and summary judgment is properly granted against her. *See In re Frushour*, 433 F.3d 393 (4th Cir. 2005). (Debtor's refusal to consider the Income Contingent Repayment Plan, which would have allowed her to remain at her preferred job and maintain her existing level of expenditures, was evidence that she failed to satisfy the good faith prong of *Brunner*.) *See also In re Mosko*, 515 F.3d 319, 326 (4th Cir. 2008). (Court pointed to the failure of the debtors to adequately pursue loan consolidation options and emphasized the importance of seeking out alternative options because "such efforts demonstrate that the debtors take their debts seriously and are doing their utmost to repay them despite their unfortunate circumstances."). Additionally, pursuant to this Court's Order of July 13, 2010 deeming ECMC's requests for admissions admitted, Plaintiff adkmitted that she was able to afford to make payments of a reasonable amount until the loans are paid in full.

**II. Plaintiff's current state of affairs is not likely to persist for a significant portion of the repayment program.**

In *Frushour*, the Fourth Circuit held that "the [second prong] is the heart of the *Brunner* test . . . and looks for exceptional circumstances beyond a debtor's current situation." *Frushour*, 433 F.3d at 401. This Court requires a showing "that a 'certainty of hopelessness' exists that the debtor will not be able to repay the student loans." *Id.*; *see also Walcott v. USA Funds, Inc.*, 185 B.R. 721, 724 (Bankr. E.D.N.C. 1995) ("The *Brunner* test's second prong requires circumstances suggesting not merely a present inability to pay, but the existence of exceptional circumstances suggesting 'the certainty of hopelessness.'" citing *In re Roberson*, 999 F.2d 1132 (7th Cir. 1993)).

6

Based on the pleadings in this case, it appears Plaintiff is healthy and gainfully employed. Her Complaint contains no allegations of any disability, or undue hardship that is anything but financial in nature. Rather, Plaintiff alleges that she assumed her student loan debt would be "cleared and the balance would be zero owing." (Pl.'s Compl. at ¶ 5.) She also states that she would "like the Sallie Mae loans to be marked as paid in full, with zero balance and nothing owing." (Pl.'s Compl. at ¶ 6.) Additionally, pursuant to this Court's Order of July 13, 2010 deeming ECMC's requests for admissions admitted, Plaintiff admitted that she was not permanently disabled and was capable of being gainfully employed.

There is no indication of any "exceptional circumstance" suggesting that Plaintiff will have a continuing inability to repay her student loans over an extended period of time. Because Plaintiff has not met the second prong of the *Brunner* test, her loans should not be excepted from discharge under § 523(a)(8).

**III.    Plaintiff has not made a good faith effort to repay the ECMC Loans.**

*Brunner's* good faith prong is meant to effect Congressional intent by requiring the repayment of student loans in all but the most extreme cases. *See Frushour*, 433 F.3d at 399-400; *Pena v. United Student Aid Funds (In re Pena)*, 155 F.3d 1108, 1111 (9th Cir. 1998). Moreover, the good faith prong must be strictly construed, meaning that equitable concerns or other extraneous factors not contemplated by the test may not be imported into the undue hardship analysis. *Faish*, 72 F.3d at 306.

The good faith required under 11 U.S.C. § 523(a)(8) has been described as "a moving target that must be tested in light of the particular circumstances of the party under review." *Maulin v. Sallie Mae*, 190 B.R. 153 (Bankr. W.D.N.Y. 1995). In all cases, "the debtor must

7

come forward with evidence of efforts . . . that reflect a sense of good faith under the circumstances of each particular obligor." *Id.* at 156.

Plaintiff has made no allegations that she has made any effort to repay her student loan obligations. Rather, she stated that she "thought these were included [in her bankruptcy] as they were listed . . . and no mention was made that they would be exempt." (Pl.'s Compl. at ¶ 2.) Ignorance of the law is not a defense nor a consideration under 11 U.S.C. § 523(a)(8). The Fourth Circuit requires a debtor to make good faith efforts to negotiate a repayment plan. *Frushour*, 433 F.3d at 402 (The debtor's effort to seek out loan consolidation options that make the debt less onerous is an important component of the good-faith inquiry.) Evidence of good faith may be found where a debtor has sought consolidation, offered a compromise payment, or otherwise offered to pay or settle the obligation in a meaningful manner. *O'Neal*, 390 B.R. at 825 (finding an absence of good faith where the debtor "merely regrets her, concededly, bad judgment in cosigning a loan for a friend and now wishes it would go away."); *Ardis v. Edulational Credit Management Corp.*, 340 B.R. 309, 313 (D.S.C. 2006) (finding an absence of good faith where the debtor did make an offer to pay $8,000 on what was then a debt in excess of $50,000.).

Other circuit courts likewise consider a debtor's efforts to renegotiate a payment plan as an important factor in the undue hardship analysis. *See Jesperson v. U.S. Dep't of Educ.*, 571 F.3d 775, 781 (8th Cir. 2009); *Educ. Credit Mgmt. Corp.*, 464 F.3d 878, 885 (9th Cir. 2006); *Tirch v. Pa. Higher Educ. Assistance Agency*, 409 F.3d 677, 680 (6th Cir. 2005); *U.S. Dep't of Educ. v. Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). Pursuant to this Court's Order of July 13, 2010 deeming ECMC's requests for admissions admitted, Plaintiff admitted that she has not made a consistent and good faith effort to repay her student loan obligation.

There is no dispute that Plaintiff cannot sustain her heavy burden of proving that she is entitled to an undue hardship exception under 11 U.S.C. § 523(a)(8). The record does not support the finding that Plaintiff will fall below a minimal standard of living if required to make a student loan payment to ECMC. There are no "additional circumstances" which indicate that Plaintiff's current financial circumstances are likely to persist for a significant portion of the repayment period of the ECMC Loans. Due to the availability of income contingent repayment plans and Plaintiff's failure to take advantage of such payments, Plaintiff has not made a good faith effort to repay the ECMC Loans.

## CONCLUSION

ECMC's Motion for Summary Judgment should be granted and it is hereby ORDERED that the Motion for Summary Judgment filed by ECMC is granted and this action dismissed.

**FILED BY THE COURT**
**08/03/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/04/2010